IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORENZO CALA ORTEGA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GALA INDUSTRIES & | : | |
| MAAG GALA, INC. | : | NO. 24-861 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                    January 8, 2025

   The disputes over subpoenas issued to non-parties continue in this products liability action. After the court addressed several issues related to the electronic search of various computers and email accounts for employees of non-parties International Polymers Corporation ("IPC") and Ravago Americas LLC ("Ravago"), (collectively "the non-parties"), and the physical search of records stored at Iron Mountain, the court is now asked to resolve disputes regarding subpoenas served on the non-parties for personnel files of former employees of IPC, documents relating to the relationship between IPC and Ravago, a copy of IPC's document retention policy and related documents, and documents regarding IPC's storage of documents at Iron Mountain. See Doc. 48-2 at 4-5, 9. IPC and Ravago have filed a motion to quash the subpoenas, for a protective order, and for sanctions. Doc. 48-1. Defendants Gala Industries, Inc., and Maag Gala, Inc., which issued the subpoenas, responded to the non-parties' motions with a cross-motion to compel and motions to enforce subpoenas and for sanctions, Doc. 49-1, to which the non-

parties have filed a response and memorandum in further support of their motions. Doc. 50.

The accident at issue occurred in December 2021 at IPC's Allentown facility, and suit was filed in December 2023. Discovery has been complicated by the closure of the facility where the accident occurred. See Doc. 32 at 2. Prior to the current discovery dispute, the court considered motions arising from subpoenas Defendants issued to the non-parties primarily relating to the purchase, maintenance, and modification of the pelletizer involved in the accident and documents relating to the accident, which required the non-parties to search documents stored at Iron Mountain and conduct electronic searches of various computers and email accounts. See Docs. 26, 32, 34, 36-39.

Now, Defendants have served subpoenas on the non-parties seeking the personnel files and last known addresses for several former IPC employees and documents, records establishing the nature of the business relationship between IPC and Ravago, the document retention policies of IPC, and IPC's storage of documents at Iron Mountain. See Doc. 48-2 at 4-5, 9.[1] As noted, the non-parties have filed a motion to quash the subpoenas and for a protective order and sanctions, arguing that the current subpoenas "seek[] information irrelevant to the case or . . . require [them] to incur excessive expenditure of time or money." Doc. 48-1 at 12 (quoting Avago Techs. U.S. v. Iptronics Inc., 309 F.R.D. 294, 297 (E.D. Pa. 2015) (additional citation omitted). As to relevance, the non-parties argue that the personnel files of six former IPC employees, the

---

[1] The court is frankly puzzled why Defendants waited until a month prior to the original fact discovery deadline, see Doc. 25, to request this information.

relationship between IPC and Ravago, the document retention policies, and IPC's policies regarding storage at Iron Mountain are not relevant to the claims and defenses in this products liability case.  Doc. 48-1 at 13-14; Doc. 50 at 3.

Contrary to the non-parties' arguments, contact information for Plaintiff's coworkers who may have witnessed the incident or been familiar with the operation and maintenance of the pelletizing machine is relevant to this case.  Therefore I will require the non-parties to produce the last known contact information for the individuals identified in the relevant subpoena.  See Doc. 48-2 at 4-5.  I will not require the non-parties to attempt production of the individuals' personnel files.

However, the relationship between IPC and Ravago is not relevant to claims and defenses in the case.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Defendants argue that they require the documents in order "to clarify which entity is (and which is not) shielded from liability by the Pennsylvania Workers' Compensation Act." Doc. 49-1 at 7.  But no IPC or Ravago entity is a party to the case -- the only claims currently in the case are Plaintiff's claims against Gala, the manufacturer of the pelletizer.

To the extent Defendants seek documents related to IPC's document retention policies or documents related to its use of storage at Iron Mountain, Gala's motion is denied.  The non-parties have provided sufficient information for the court to conclude that they have conducted a good faith search of the documents stored at Iron Mountain.

The lack of cooperation between Gala and the non-parties has been an obstacle to the litigation of this case since the outset of discovery.  The non-parties failed to

understand the importance of conducting a proper search for electronic material and now have refused the simple request for employee contact information.[2] At the same time, Gala persists in requesting information that the court has already determined the non-parties have searched for in good faith. Further gamesmanship is at counsel's and their clients' peril.

    An appropriate Order follows.

---

[2] The non-parties state that they offered to provide this information but only if Defendants withdrew the subpoena. Doc. 48-1 at 12.